POND, APPELLANT, *v.* LESLEIN, APPELLEE.

[Cite as *Pond v. Leslein* (1995), 72 Ohio St.3d 50.]

(No. 93–2584—Submitted February 21, 1995—Decided April 19, 1995.)

52

*Wolske & Blue, Michael S. Miller* and *William Mann,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Robert C. Buchbinder,* for appellee.

---

WRIGHT, J. The sole issue in this case is whether the trial court erred in denying the plaintiff's motions for a directed verdict and allowing the jury to decide the issue of the defendant's negligence. For the reasons stated below, we hold that the trial court erred to the detriment of the appellant.

R.C. 4511.21(A) states that "no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." Ohio case law has consistently held that a person violates the assured clear distance ahead statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Blair v. Goff–Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 5, 358 N.E.2d 634, 636 (citing *McFadden v. Elmer C. Breuer Transp. Co.* [1952], 156 Ohio St. 430, 46 O.O. 354, 103 N.E.2d 385). See, also, *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 69, 4 OBR 155, 157, 446 N.E.2d 454, 456. Thus, a driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation.

Where there is conflicting evidence and reasonable minds could differ concerning any one of the elements necessary to constitute a violation of the statute, a jury question exists with regard to that element. For instance, in numerous cases in which a collision occurred at night or during extraordinary weather conditions that reduced visibility, we have held that a jury question existed as to whether the object that the driver hit was "reasonably discernible." See, e.g., *Blair, supra; Tomlinson, supra; Junge v. Brothers* (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477; *Sharp v. Norfolk & W. Ry. Co.* (1988), 36 Ohio St.3d 172, 522 N.E.2d 528, syllabus; and *Ziegler v. Wendel Poultry Serv., Inc.* (1993), 67 Ohio St.3d 10, 13, 615 N.E.2d 1022, 1026–1027. However, we also have made clear that "[a]n automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212, paragraph two of the syllabus.

Based upon the undisputed facts of this case, defendant Leslein violated R.C. 4511.21(A) as a matter of law. It is undisputed that Pond was ahead of Leslein in

the latter's path of travel, that Pond was stationary or moving in the same direction as Leslein, that Pond did not suddenly appear in Leslein's path of travel, and that Leslein actually saw Pond's car a fair distance ahead of him before the collision. It also is undisputed that the accident occurred on a clear, sunny afternoon.

Violation of the assured clear distance ahead statute constitutes negligence *per se*. See *Skinner v. Pennsylvania RR. Co.* (1933), 127 Ohio St. 69, 186 N.E. 722, syllabus; *Transp. Corp. of Indiana v. Lenox Trucking, Inc.* (1968), 15 Ohio St.2d 1, 44 O.O.2d 1, 238 N.E.2d 539, paragraph one of the syllabus; and *Blair, supra*, 49 Ohio St.2d at 7, 3 O.O.3d at 5, 358 N.E.2d at 636. In this case, defendant Leslein was negligent *per se—i.e.*, as a matter of law, Leslein breached a duty that he owed to Pond.

Reasonable minds could only conclude that Leslein violated R.C. 4511.21(A), which constitutes negligence *per se*. Therefore, we hold that the trial court erred by failing to grant plaintiff Pond's Civ.R. 50 motions for a directed verdict concerning Leslein's negligence and by allowing the jury to decide whether Leslein was negligent. See Civ.R. 50(A)(4).[1]

Our holding that Leslein was negligent *per se* is determinative of only two of the essential elements of Pond's negligence claim, *i.e.*, duty and breach of duty; it does not wholly dispose of the negligence claim against Leslein. Jury questions still remain concerning the issues of comparative negligence, proximate cause, and damages.

For the foregoing reasons, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for a new trial.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---

1. Civ.R. 50(A)(4) provides: "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."