This timely appeal arises from a judgment finding Appellant guilty of violating R.C. 4511.21(A), the assured clear distance statute. Appellant argues that noncompliance with the statute was excused and that the trial court judgment is against the manifest weight of the evidence. For the following reasons, this Court affirms the trial court judgment.
It should be noted that Appellee has failed to file an appellate brief in this matter. According to App.R. 18 (C), this Court may accept as true Appellant's statement of the facts and issues presented in his brief. We may also reverse the judgment if Appellant's brief reasonably appears to sustain such action.
In his brief, Appellant relates that on July 11, 1996, he was driving westbound on I-470 and exited onto S.R.7 northbound. Appellant was unable to merge into the right lane of travel on S.R.7 because of heavy traffic. When Appellant proceeded in the left lane, he did not see a street sweeping truck traveling immediately in front of him as allegedly no warning indications signified that the truck was sweeping the left lane of travel. Appellant contends that the sweeper truck stirred up large dust clouds that suddenly impaired his visibility such that he could not discern the sweeper truck until it was too late. Appellant contends that his visibility was suddenly reduced to zero and that he tried to slow down upon the sudden inability to see but he did not have time to do so. Consequently, Appellant struck the back of the sweeper truck and suffered injuries.
Ohio State Highway Patrol Officer Jeff Herink arrived at the scene shortly after the accident. Upon interviewing Appellant and the driver of the sweeper truck, Officer Herink issued a citation to Appellant for failure to stop within the assured clear distance ahead in violation of R.C. 4511.21(A).
On July 29, 1996, Appellant filed a waiver of arraignment and entered a plea of not guilty to the charge. A bench trial was held on August 29, 1996. The State's only witness was Officer Herink. After the State rested its case, Appellant moved for acquittal. The trial court overruled the motion. Appellant testified and presented two witnesses who testified that they observed the dust conditions from a distance and that the dust clouds rendered it impossible to see the truck and other cars. Neither witness directly observed the accident but heard the impact and observed the scene immediately thereafter. (Tr. p. 23, 31).
The trial court found Appellant guilty of violating R.C.4511.21(A) and fined Appellant $20.00. In its journal entry dated August 29, 1996, the trial court stated that the "Court feels that the Defendant could have slowed down or stopped when he saw dust getting provressively[sic] worse." On September 12, 1996, Appellant filed his notice of appeal.
Since both of Appellant's assignments of error challenge the sufficiency of the evidence and contain a common basis in law and fact, we will address them together. Appellant asserts that:
 "THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S FAILURE TO COMPLY WITH OHIO REVISED CODE SECTION 4511.21 (A), ASSURED CLEAR DISTANCE, WAS NOT EXCUSABLE IN LIGHT OF THE FACTS AND CIRCUMSTANCES SURROUNDING APPELLANT'S ACCIDENT.
 "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT AS SAID FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
In his first assignment, Appellant challenges the sufficiency of the evidence and asserts that he had a legal excuse for noncompliance with R.C. 4511.21(A) because of the sudden impairment to his vision caused by the sweeper truck's dispersion of dust. While Appellant's second assignment is captioned as a manifest weight argument, he complains that insufficient evidence existed to establish the necessary elements of a violation of R.C. 4511.21(A). Specifically, Appellant argues that insufficient evidence existed to establish that the sweeper truck did not suddenly appear in his path of travel and was, instead, reasonably discernible.
Appellant's assignments of error are without merit. An argument as to the sufficiency of the evidence is different than one regarding the manifest weight of the evidence. State v. Thompkins (1996), 78 Ohio St.3d 380. The appellate court's function when reviewing the sufficiency of the evidence is to review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found beyond a reasonable doubt that the defendant committed each element of the offense. State v. Waddy (1992), 63 Ohio St.3d 424,430. It is not the function of the appellate court to substitute its judgment for that of the factfinder. State v. Jenks (1991),61 Ohio St.3d 259, 279.
R.C. 4511.21(A) provides that:
 "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
In Pond V. Leislin, the Ohio Supreme Court held that a person violates R.C. 4511.21(A) if "`there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.'" (1995), 72 Ohio St.3d 50, 52, quoting Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7, (citing McFadden v. Elmer C. Breuer Transp. Co. [1952], 156 Ohio St. 430)
Where conflicting evidence is presented as to any of the elements necessary to establish a violation of the statute, a jury question is created. Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66,69. It is the jury who assesses witness credibility and determines whose testimony and evidence warrants belief. Pangle v. Joyce (1996), 76 Ohio St.3d 389, 393. "Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law." Blair, 49 Ohio St.2d at 9.
In the instant case, the trial court acted as the trier of fact. Sufficient evidence of the elements existed to support the trial court's finding that Appellant violated R.C. 4511.21(A). Certainly, the trial court had sufficient evidence presented before it to have found that the officer established the first and second elements necessary to prove a violation of R.C.4511.21(A): (1) that the driver collided with an object that was ahead of him in his path of travel and (2) that the object collided with was stationary or moving in the same direction as the driver. Pond, 72 Ohio St.3d at 52(citations omitted). Officer Herink testified that when he arrived on the scene, he observed Appellant's truck in the left hand lane and the sweeper truck in front of it. (Tr. p. 4). He also testified that he observed severe damage to the front-end of Appellant's truck and moderate damage to the back-end of the sweeper truck. (Tr. P. 5). The officer told the court that Appellant explained that the accident happened right where the vehicles were located in the left hand lane and that he was moving into the left lane to pass two semi-trucks in the right lane when he hit the sweeper truck. (Tr. p. 9, 13). While Appellant denied passing any vehicles, he presented no evidence or testimony to contradict the statements regarding the sweeper truck's location or direction of travel.
However, Appellant contends that he did not see the sweeper truck until he hit it due to the accumulations of dust created by the truck that impaired his vision. This brings us to the last two elements necessary to establish a violation of R.C. 4511.21
(A): (3) the object collided with did not suddenly appear in the driver's path, and (4) the object was reasonably discernible. Pond, 72 Ohio St.3d at 52(citations omitted) This also brings us to Appellant's contention that he had a legal excuse justifying noncompliance with R.C. 4511.21(A) because the dust accumulations created a sudden emergency rendering it impossible for him to comply with the statute.
The determination as to these elements were questions for the trier of fact. Conflicting testimony was presented on these issues. Tomlinson, 4 Ohio St.3d at 69; Pangle,76 Ohio St.3d at 393; Blair, 49 Ohio St.2d at 9. However, sufficient evidence was presented before the trial court to support a finding that these elements were established. Appellant testified that he did not see the truck immediately before impact but explained that he saw dust coming from what he, himself, assumed to be a truck. He testified that the dust cloud became progressively worse as he journeyed onward. (Tr. p. 38-39). Officer Herink testified that when he arrived on the scene, he observed an arrow truck and a cone truck also stopped near the sweeper truck. (Tr. p. 4-5). Appellant testified that he did not see these trucks or any signal warning of the sweeping of the road and explained that he was surprised that these trucks arrived on the scene shortly after the accident. (Tr. p. 23, 36-37)
Officer Herink testified that when he initially questioned Appellant at the scene, Appellant did not mention dust or a visibility impairment but stated that he was attempting to pass two semi-trucks in the right hand lane of S.R.7 when he crashed into the sweeper truck in the left lane. (Tr. p. 9). On the stand, Appellant denied passing any vehicles on the road. (Tr. p. 34-35). The officer further stated that when he questioned Appellant one and one half hours later at the hospital, Appellant's story changed and he mentioned that he saw dust in the air and that then all of a sudden he was unable to see; Appellant told Officer Herink he slowed down but then hit the sweeper truck. (Tr. p. 10, 16-17). The officer asked Appellant if he saw the lighted arrow on the sweeper truck, the other construction trucks on the road or a wet paint sign. (Tr. p. 10). Appellant responded that he did not see any of these signals. (Tr. p. 10). When the officer asked Appellant why he did not reduce his speed when he could no longer see, Appellant requested an attorney. (Tr. p. 10). One of Appellant's witnesses testified that he saw something small and yellow on the sweeper truck from his business facing S.R.7 but that he did not see any other warning devices and he did not see trucks other than the sweeper truck creating the dust. (Tr. p. 20-21)
Viewing this testimony in a light most favorable to the prosecution, we cannot find that the trial court erred in determining that the sweeper truck did not suddenly appear in Appellant's driving path and was reasonably discernible. The court had sufficient evidence before it to conclude that warning signals were present on or near the sweeper truck and that since Appellant noticed the dust accumulating and getting worse that he could see the sweeper truck or at least some vehicle in front of him before visibility was reduced to zero and adjust his speed accordingly to maintain an assured clear distance.
From this testimony, the court could also have found that the dust from the truck did not create a sudden emergency justifying noncompliance with R.C. 4511.21(A). Appellant correctly points out that the Ohio Supreme Court has recognized limited instances of sudden emergency justifying noncompliance with R.C. 4511.21
(A). The Court has held that a sudden emergency justifies noncompliance with R.C. 4511.21(A) when the driver's assured clear distance ahead is, without his fault, suddenly lessened or cut down by the entrance into his path of some obstruction which renders him incapable, in the exercise of ordinary care, of avoiding a collision with the obstruction. Woods v. Brown's Bakery (1960), 171 Ohio St. 383, 387; Cox v. Polster (1963),174 Ohio St. 224, 226.
However, this recognized legal excuse does not apply to the instant case because the trial court had sufficient evidence to find fault and a lack of ordinary care on the part of Appellant in not reducing his speed when he first encountered the clouds of dust he admits he assumed were coming from a truck. (Tr. p. 38-39). Reviewing Appellant's own testimony, he testified that "I was driving along, everything was fine, and the dust wasn't that bad, I thought it was be[sic] a trailer truck or a dump truck hauling dirt, the dust wasn't real bad." (Tr. p. 35). Appellant also testified that the dust was getting "* * * progressively worse. It would be pretty hard for it to just appear." (Tr. p. 38). One of Appellant's own witnesses testified that he could see the dust down all the way to the I-470 exchange, which Appellant had just left. (Tr. p. 27). Appellant testified that he did not slow down as he saw the dust collecting, although he admitted that "[i]t was something to be concerned about." (Tr. p. 39). When asked if he adjusted his speed as the dust got progressively worse, Appellant responded, "I certainly hoped to." (Tr. p. 39). Appellant stated that he finally slowed down when the dust created a situation where his visibility was zero, although he admits that he saw the dust much earlier and that it was getting progressively worse.
Despite this progressively worsening condition, Appellant failed to adjust his speed despite this forewarning of potential danger. We agree with State v. Klein where the court held that
 "* * *it was not adequate that appellant travel at a speed sufficiently safe for the periodic clear conditions* * *. Instead, appellant had an obligation to drive at a speed at which he would have been able to have maintained his ability to stop during the intermittent, inclement weather conditions."
(Mar. 27, 1998), Portage App. No. 95-P-0053, unreported. While the reduction in visibility may have occurred relatively quickly in the instant case, it was not unexpected or a "sudden" circumstance based upon Appellant's own testimony. See Klein, supra; Tr. p. 37-38. Consequently, it was Appellant's failure to adjust his speed that resulted in his accident and his violation of R.C. 4511.21(A)
Based upon the record and viewing the testimony in a light most favorable to the prosecution, a reasonable trier of fact could have found the essential elements of R.C. 4511.21(A) proven beyond a reasonable doubt. Further, even assuming that Appellant meant to assert a manifest weight of the evidence argument, the assignment would also fail. When reviewing a weight of the evidence argument, the Court of Appeals sits as a "thirteenth juror," reviewing the entire record, weighing all of the evidence, and considering all reasonable inferences and the credibility of the witnesses. Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Upon such a review, the Court of Appeals determines if
 ". . . in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest, miscarriage of justice that the conviction must be reversed and a new trial ordered."
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230, 231. Additionally, we should defer to the findings of the trial court because it is in the best position to observe the witnesses and their demeanor to determine credibility. Lesinski V. Henderson (1996), 112 Ohio App.3d 70. 72. The trier of fact is entitled to believe or disbelieve the state's witnesses and/or the defense witnesses. State v. Baker (1993), 92 Ohio App.3d 516, 538, citing State v. Antill (1964), 176 Ohio St. 61.
Given that the trial court was within its discretion to determine the credibility of the witnesses, we cannot find based upon the evidence presented that the court clearly lost its way and created a miscarriage of justice.
For the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE