OPINION
Ronald and Rochelle Grout appeal from a decision of the Clark County Court of Common Pleas which awarded summary judgment to Robert Joseph, Anna Stewart, and Timothy Taylor and dismissed the Grouts' case.
The record reveals as follows. At approximately 5:40 p.m. on November 28, 1995, Mr. Grout was driving his 1995 Dodge Intrepid westbound on a rural part of New Carlisle Pike in Clark County when he struck a Black Angus cow that was standing in his lane of travel. The cow was owned by Taylor and had been pastured at 6344 New Carlisle Pike, Springfield, Ohio. The pasture land was owned by Joseph and had been leased to Taylor for use by his cattle. Stewart apparently lived on the property with Joseph.
On April 7, 1999, the Grouts filed a complaint against Joseph, Stewart, Taylor, and Farmers Insurance of Columbus, Inc. alleging that Taylor had violated R.C. 951.02 by allowing the cow to run on the public roadway, that Joseph and Stewart, as keepers of the cow, had violated R.C. 951.02, that Taylor, Joseph, and Stewart had negligently maintained the pasture fence, that Mr. Grout had suffered injuries as a result, and that Mrs. Grout had suffered a loss of consortium due to her husband's injuries. Various answers and cross-claims were filed by the defendants.
On June 10, 1999, Joseph and Stewart filed a motion for summary judgment arguing, inter alia, that Grout's failure to keep an assured clear distance ahead, as required by R.C. 4511.21(A), had been the proximate cause of his injuries. On July 1, 1999, Taylor filed a motion for summary judgment asserting the same argument. On July 14, 1999, the trial court overruled these motions for summary judgment.
In January 2000, Joseph and Stewart filed a motion asking the trial court to reconsider its denial of their motion for summary judgment in light of Daniels v. Williamson (July 3, 1997), Greene App. No. 96-CA-146, unreported, discretionary appeal not allowed (1997),80 Ohio St.3d 1449, 686 N.E.2d 276. Taylor filed a similar motion shortly thereafter. On February 16, 2000, the trial court reconsidered its July 14, 1999 judgment, granted the motions for summary judgment, and dismissed the Grouts' case.
On March 17, 2000, the Grouts filed a notice of appeal of the trial court's February 16, 2000 decision. They advance two assignments of error on appeal which are interrelated, so we will discuss them together.
 I. GROUT'S TESTIMONY AS PRESENTED IN HIS DEPOSITION DOES NOT CONSTITUTE AN ADMISSION OF EACH AND EVERY ELEMENT OF A VIOLATION OF OHIO REVISED CODE § 4511.21(A).
 II. THE TRIAL COURT'S RELIANCE UPON DANIELS V. WILLIAMSON IS MISPLACED BECAUSE WILLIAMSON CAN BE DISTINGUISHED FROM THE INSTANT CASE.
 The Grouts argue that the trial court erred in granting the defendants' motions for summary judgment because Mr. Grout's testimony did not constitute an admission of the elements of R.C. 4511.21(A). The Grouts further argue that the trial court erred in relying on Daniels, supra, because their case is distinguishable from that case. In response to a question from the bench during oral argument, counsel for the Grouts declined to assert that Daniels had been wrongly decided but only insisted that the facts of this case are distinguishable from those in Daniels.
Our review of the trial court's decision to grant summary judgment isde novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158,162, 703 N.E.2d 841, 843, discretionary appeal not allowed (1998),81 Ohio St.3d 1432, 689 N.E.2d 51. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343, 345;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66,375 N.E.2d 46, 47. The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 274. If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.; see Civ.R. 56(E).
R.C. 4511.21(A) states, in part:
 [N]o person shall drive any motor vehicle * * * upon any street * * * at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.
 R.C. 4511.21(A) is a specific requirement of law and a violation of it constitutes negligence per se. Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 69, 446 N.E.2d 454, 456. A collision does not, however, establish a violation of R.C. 4511.21(A) in every case. Id. at 69, 446 N.E.2d at 457.
The elements necessary to constitute a violation of R.C. 4511.21(A) are "that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." Pond v. Leslein (1995), 72 Ohio St.3d 50, 52,647 N.E.2d 477, 478, quoting Blair v. Goff-Kirby Co. (1976),49 Ohio St.2d 5, 7, 358 N.E.2d 634, 636. "Where there is conflicting evidence and reasonable minds could differ concerning any one of the elements necessary to constitute a violation of the statute, a jury question exists with regard to that element." Pond,72 Ohio St.3d at 52, 647 N.E.2d at 478.
In its decision granting the motions for summary judgment, the trial court concluded that in his deposition testimony, Mr. Grout had "admitted to each and every element of a violation of [R.C. 4511.21(A)]." The court further concluded that Mr. Grout's "failure to keep an assured clear distance ahead * * * [had been] the sole proximate cause of [his] accident" and that "[a]ny negligence on the part of [Taylor] in allowing his cow to be loose on the roadway [had been] too remote to be considered a proximate cause."
The parties in this case do not dispute that the cow had been ahead of Mr. Grout in his path of travel or that the cow had been stationary. Thus, the first two elements of a violation of R.C. 4511.21(A) were established.
The Grouts argue that the trial court erred in concluding that Mr. Grout had admitted the third element of R.C. 4511.21(A) because reasonable minds could differ as to whether the cow's appearance in front of him had been sudden.
The third element of a violation of R.C. 4511.21(A) requires that the object did not suddenly appear in the driver's path. Thus, if a driver's assured clear distance ahead "is, without [the driver's fault], suddenly cut down or lessened by the entrance within such clear distance and into his path or lane of travel [of] an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith[,]" the driver has not violated R.C. 4511.21(A). (Emphasis sic.) Didier v.Johns (1996), 114 Ohio App.3d 746, 752, 684 N.E.2d 337, 340, discretionary appeal dismissed as having been improvidently allowed (1997), 79 Ohio St.3d 1214, 681 N.E.2d 437 (quotation omitted).
During his deposition testimony, Mr. Grout stated that the cow had been "perfectly still" in his lane of travel and that it had not darted out in front of him. Thus, the trial court correctly concluded that he had admitted the third element of a violation of R.C. 4511.21(A) because his assured clear distance ahead had not been suddenly cut down or lessened by the entrance of the cow into his lane of travel.
The Grouts further argue that the trial court erred in concluding that Mr. Grout had admitted the fourth element of R.C. 4511.21(A) because reasonable minds could differ as to whether the cow had been reasonably discernible.
The fourth element of a violation of R.C. 4511.21(A) requires that the driver struck an object which was reasonably discernible. "[I]n numerous cases in which a collision occurred at night or during extraordinary weather conditions that reduced visibility," the supreme court has "held that a jury question existed as to whether the object that the driver hit was `reasonably discernible.'" Pond, 72 Ohio St.3d at 52,647 N.E.2d at 478, citing Blair, 49 Ohio St.2d 5, 358 N.E.2d 634; Tomlinson,4 Ohio St.3d 66, 446 N.E.2d 454; Junge v. Brothers (1985),16 Ohio St.3d 1, 475 N.E.2d 477; Sharp v. Norfolk W. Ry. Co. (1988),26 Ohio St.3d 172, 522 N.E.2d 528, syllabus. "An automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, [however,] in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212, paragraph two of the syllabus.
In their opening brief, the Grouts argue that "[t]he trial court erred in concluding that, because [Mr.] Grout could recognize the cow for a split-second before the collision, the cow was `reasonably discernible' for [the] purposes of R.C. § 4511.21(A)." They argue that "the encroaching darkness and the black color of the cow rendered the cow undetectable" until it was too late to avoid the collision.
During his deposition testimony, Mr. Grout testified that it had been "getting close to dusk" at the time of the accident, but he could not recall whether it had been dark enough for him to turn on his headlights. He stated that he had identified the cow as soon as he had seen it and that there had been nothing about the lighting conditions of the area, the color of the cow, or the way the cow had been standing that had precluded him from seeing or identifying it. Thus, the trial court did not err when it concluded that Mr. Grout admitted the fourth element of a violation of R.C. 4511.21(A) because his testimony indicates that the cow was reasonably discernible to him.
The Grouts' argument that reasonable minds could differ as to whether the cow was reasonably discernible because Mr. Grout only saw it for a split-second before he hit it is contrary to R.C. 4511.21(A) and the concept of assured clear distance ahead. A driver is required to maintain an assured clear distance ahead of him at all times, whether the distance ahead is a straight path or a blind curve. In other words, a driver is required to leave enough clear distance ahead of him to avoid a collision with any object which qualifies under the four elements,supra, regardless of whether he discovers that object ahead of him on a straight path or ahead of him at the end of a blind curve.
In this case, when Mr. Grout was asked what had precluded him from seeing the cow sooner, he answered:
 There is [sic] trees on both sides of the road and we are making a turn, see, as it starts going down the hill [and] you can't necessarily see everything that's around that curve. As with any corner that you would make, you are driving along, you can't necessarily see something that you are not there yet.
 Thus, it is clear that Mr. Grout failed to maintain an assured clear distance ahead of his vehicle when he entered the curve because, by his own admission, he could not see what was at the end of the curve and when he did finally see what was at the end of that curve, it was too late for him to avoid a collision with it.
Although the Grouts argue that the trial court erred in relying onDaniels, supra, we find the material facts of that case to be similar to those in the case before us. In Daniels, a tractor/trailer rig driver came around a curve in the road and saw a small white car stopped ahead of him, blocked by small pigs in the road. The driver testified that he had "had maybe a second and a half" between when he had seen and when he had hit the white car. The driver sued the owner of the pigs for negligently allowing his pigs to escape confinement and enter the highway. We affirmed the trial court's decision to grant summary judgment to the pig owner because the driver had failed to maintain an assured clear distance ahead of his vehicle. We noted that "[b]y his own admission, [the driver] was rounding a curve, and had no opportunity to see the stopped car" until after he had rounded the curve, at which time it was too late and he was unable to stop and avoid the collision. We further held that although the pig owner's negligence had started the sequence of events that ultimately resulted in the driver's injury, the driver's own "failure to maintain an assured clear distance was an * * * intervening [and the proximate] cause of the collision, rendering the [pig owner's] negligence too remote in the causal chain to justify liability."
Similarly in this case, Mr. Grout failed to maintain an assured clear distance ahead of his vehicle as he drove around the curve. Although he testified that his speed was between 30 and 35 miles per hour, such speed apparently did not allow him to stop when he saw the cow. Thus, the trial court did not err in concluding that Mr. Grout "admitted to each and every element of a violation" of R.C. 4511.21(A). The trial court also did not err in concluding that the proximate cause of Mr. Grout's injuries had been his own failure to maintain an assured clear distance ahead and that any negligence on the part of Taylor had been too remote to be considered a proximate cause.
The Grouts argue that Daniels is distinguishable from their case for the following reasons: in Daniels, the accident occurred in the morning while it was raining whereas Mr. Grout's accident occurred at dusk while the pavement was dry; in Daniels, the driver was driving a tractor/trailer rig loaded with freight and such "an enormous, dangerous[,] and unwieldy vehicle require[s] a different assessment of care than that which should be applied to [Mr. Grout's] passenger car; inDaniels, the "driver enjoyed better lighting conditions" than did Mr. Grout; in Daniels, the white car that was struck "was vastly more discernible than the black-colored cow" that Mr. Grout hit; and inDaniels, there was no indication that the driver was aware of any traffic behind him whereas in this case, Mr. Grout knew that there was a car behind him and thus was prohibited by R.C. 4511.22 and 4511.21(A) from driving at a slow speed which would have impeded traffic or which was unreasonable. We do not believe that these distinctions make Daniels
distinguishable. In both cases, the drivers were required to maintain assured clear distances ahead of their vehicles and in both cases, the drivers failed to do so and as a result, had collisions. Thus, the trial court did not err in relying on Daniels when it made its ruling in this case.
In their reply brief, the Grouts point to the testimony of Taylor's expert, Frederick Lickert, to support their argument that reasonable minds could differ as to whether the cow was reasonably discernible.
In his deposition testimony, Lickert, an accredited traffic accident reconstructionist made four conclusions. First, Lickert concluded that Mr. Grout had had approximately 500 feet of unobstructed sight distance before the area of impact. Second, Lickert stated that using the end of the curve to the area of impact, Mr. Grout had had 290 feet of distance available to him to "perceive, react[,] and take some evasive action." Third, Lickert concluded that, based upon Mr. Grout's testimony that he had been traveling at 30 to 35 miles per hour, he would have needed a minimum of 149 feet and a maximum of 230 feet to perceive, react, and stop his vehicle. Fourth, Lickert thus concluded that based upon Mr. Grout's testimony regarding where he had perceived the cow, he had had sufficient sight distance and time available to perceive, react, and avoid the collision.
The Grouts argue that Lickert's testimony that Mr. Grout had had sufficient time to stop his vehicle and avoid the collision provided conflicting evidence on the issue of whether the cow had been reasonably discernible because Mr. Grout testified that when he had seen the cow, there had been only "a blink of the eye" before he had hit it.
We are not persuaded by this argument. Lickert's only conclusion was that based upon Mr. Grout's testimony, he should have been able to perceive, react, and stop his vehicle to avoid the collision. Lickert did not speculate on why Mr. Grout failed to avoid the collision. The Grouts would have us believe that Lickert's testimony supports the conclusion that Mr. Grout failed to avoid the collision because the cow was not reasonably discernible. Lickert, however, made no such conclusion. Further, Mr. Grout's own testimony indicates that the cow was reasonably discernible.
It cannot be gainsaid that application of R.C. 4511.21(A) to certain fact patterns produces harsh results. This case presents such a situation. Nevertheless, based upon our de novo review of the record, we cannot conclude that the trial court erred in finding that there were no genuine issues of material fact and that Joseph, Stewart, and Taylor were entitled to summary judgment as a matter of law. The first and second assignments of error are overruled.
The judgment of the trial court will be affirmed.
BROGAN, J., concurs.