DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, the trial court granted summary judgment in favor of a defendant who was alleged to have negligently operated a motor vehicle. Because the trial court properly determined that it was the plaintiff who violated the assured clear distance statute, we affirm.
On April 13, 1998, appellee Christine Gill was traveling on Dorr Street in Toledo, Ohio. Appellee was involved in an automobile accident which left her car upside down and laying in the lane of traffic. At least one other vehicle traveling in the lane after the accident was able to travel around appellee's car.
Appellant, Barbara Davis, was driving down Dorr Street shortly after appellee's accident. In her deposition, appellant stated that while she was approaching the area she looked across the street to observe a truck stopped on the opposite side. When she turned to look at her own lane of traffic, she saw appellee's car laying in the street. Appellant hit her brakes to avoid striking the vehicle, but was unsuccessful.
On December 15, 1998, appellant filed a complaint against appellee, claiming that appellee was negligent in the operation of her vehicle. Appellant also brought a claim against appellee's husband, Nickolas Gill, for negligent entrustment of an automobile.[1]
On January 10, 2000, appellee moved for summary judgment, asserting that there were no genuine issues of fact as to whether she negligently operated her vehicle. On February 4, 2000, appellant countered by filing a motion in opposition to appellee's motion for summary judgment and seeking partial summary judgment on her own behalf.
On February 29, 2000, the trial court entered its final opinion and judgment entry, granting appellee's motion for summary judgment and denying appellant's contra motion for partial summary judgment. It is from this decision that appellant appeals, setting forth the following sole assignment of error:
 "I. THE TRIAL COURT ERRED IN RULING THAT, AS A MATTER OF LAW, DEFENDANT-APPELLEE WAS NOT LIABLE FOR THE SUBJECT ACCIDENT."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
The state of Ohio observes the assured clear distance rule which is codified in R.C. 4511.21(A). In pertinent part, it states:
 "(A) No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, * * * and no person shall drive any motor vehicle * * * at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
A driver violates the assured clear distance statute if evidence shows that the driver collided with an object that (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. Pond v. Leslein (1995), 72 Ohio St.3d 50, 52. "A driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation." Id.
Based upon our review of the undisputed facts of this case, we conclude that appellant violated R.C. 4511.21(A) as a matter of law. It is undisputed that appellee's car was ahead of appellant's path of travel, that appellee's car was stationary in the same direction appellant was traveling, that appellee's car did not suddenly appear in appellant's path of travel and that appellee's car was reasonably discernible. Thus, the trial court did not err in granting appellee's motion for summary judgment. Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. The cost of this appeal is assessed to appellant.
JUDGMENT AFFIRMED.
Davis v. Gill, et al.
L-00-1090
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Melvin L. Resnick, J.
JUDGE
James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.
[1] Appellant has subsequently dropped her claim of negligent entrustment of an automobile against Nickolas Gill.