NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0198n.06

No. 15-3849

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 07, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THOMAS J. WYLIE, SR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FEDEX GROUND PACKAGE SYSTEM, INC., *et* | ) | COURT FOR THE NORTHERN |
| *al*, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: BOGGS and KETHLEDGE, Circuit Judges; STAFFORD, District Judge.[*]

KETHLEDGE, Circuit Judge. Thomas Wylie, Jr., was killed in a car accident involving two FedEx tractor-trailers. Wylie Jr. collided with the lead truck, driven by Van Adams, and spun into the path of the second truck, driven by Jonathan Shoemaker. Wylie Jr. was killed in the collision with Shoemaker's truck. Thomas Wylie, Sr., sued the drivers and FedEx, alleging that both drivers were negligent, that their negligence caused Wylie Jr.'s death, and that FedEx was responsible for their negligence. The district court granted summary judgment to all three defendants. Wylie Sr. appeals the judgments for Shoemaker and FedEx. We affirm.

---

[*] The Honorable William H. Stafford, Jr., Senior District Judge for the United States District Court for the Northern District of Florida, sitting by designation.

I.

Before sunrise on June 23, 2013, Wylie Jr. was driving a pickup truck on a highway in Henry County, Ohio. Adams and Shoemaker were driving tractor-trailers traveling in the opposite direction. Adams drove the lead truck, with Shoemaker drafting 200 to 300 feet behind him. The rear wheels on Wylie Jr.'s truck and Adams's tractor-trailer hooked each other, spinning Wylie Jr.'s truck into Shoemaker's path. Shoemaker's truck then crashed into Wylie Jr.'s pickup and killed him.

II.

We review de novo the district court's grant of summary judgment. *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015).

Wylie Sr. argues that Shoemaker's negligence caused the fatal accident. According to Wylie Sr., Shoemaker followed Adams too closely, which violated Ohio's "assured clear distance ahead" statute. The statute forbids driving "at a greater speed than will permit the [driver] to . . . stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21(A). A driver violates § 4511.21(A)—and is therefore negligent as a matter of law—if he collides "with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Pond v. Leslein*, 647 N.E.2d 477, 478 (Ohio 1995).

In the district court, Wylie Sr. stipulated that he cannot prove the second and third elements. Specifically, he agreed that "[t]he Wylie vehicle was not stationary nor was it moving in the same direction as Shoemaker." R. 67 at ¶10 (joint statement of undisputed facts). He also agreed that "[t]he Wylie vehicle appeared suddenly in Shoemaker's lane of travel." *Id.* at ¶9. Wylie Sr. therefore cannot prove that Shoemaker violated § 4511.21(A).

Wylie Sr. contends that we should follow a different formulation of the assured-clear-distance-ahead rule, one found in *Smiddy v. Wedding Party, Inc.*, 506 N.E.2d 212, 217 (Ohio 1987). In *Smiddy*, the Ohio Supreme Court held that a driver violates § 4511.21(A) if he collides with a readily discernible object ahead of him that meets one of three conditions: the object was stationary, the object was moving in the same direction as the driver, or the object entered the driver's lane of travel far enough ahead that the driver could have avoided the crash. Wylie Sr. asserts that Wylie Jr's truck entered Shoemaker's path far enough ahead for Shoemaker to stop, thus satisfying the third condition. But Wylie Sr. stipulated that "Shoemaker did not have enough time to avoid the collision with the Wylie vehicle after the Wylie vehicle entered [Shoemaker's] lane." R. 67 at ¶11. Hence Wylie Sr. cannot meet the *Smiddy* test either.

As a fallback position, Wylie Sr. contends that a defendant can be found negligent under § 4511.21(A) even if he does not satisfy all of the elements of the *Pond* (or *Smiddy*) test. In support, he cites an unpublished decision in which the Ohio Court of Appeals held that a driver can violate § 4511.21(A) even while obeying the posted speed limit. *See State v. Klein*, 1998 WL 156868, at *5 (Ohio Ct. App. Mar. 27, 1998). In *Klein*, a driver who crashed into the back of a tractor-trailer argued that heavy snowfall constituted a "sudden emergency" that prevented him from avoiding the collision, and that the tractor-trailer was not "reasonably discernible" in the snow. *Id.* at *2. The *Klein* court simply reaffirmed longstanding Ohio law that a driver must adjust his speed to account for adverse weather. *Id.* at *4-5. More to the point, neither *Klein* nor any other Ohio case has held that a plaintiff can prove a violation of § 4511.21(A) without proving the *Pond* (or *Smiddy*) elements.

Wylie Sr. therefore has not presented evidence creating a genuine issue as to whether Shoemaker was negligent under Ohio law. Nor has Wylie Sr. presented any evidence creating a

genuine issue as to causation, which is another element of his claim. *See Pond*, 647 N.E.2d at 479. Shoemaker is therefore entitled to summary judgment; and since Wylie Sr.'s claim against FedEx is derivative of his claim against Shoemaker, the district court properly granted summary judgment to both defendants.

The district court's judgment is affirmed.