[Cite as *State v. Edwards*, 2023-Ohio-3740.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JACQUELINE EDWARDS | : | Case No. 2023-AP-02-0012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the New Philadelphia
                                Municipal Court, Case No. TRD-
                                2201001


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               October 13, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRIS RICE                                DAN GUINN
150 East High Avenue                      232 West 3rd Street
New Philadelphia, OH  44663               Suite 312
                                          Dover, OH  44622

*King, J.*

{¶ 1}   Defendant-Appellant, Jacqueline Edwards, appeals her January 18, 2023 conviction for assured clear distance in the New Philadelphia Municipal Court of Tuscarawas County, Ohio.  Plaintiff-Appellee is state of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 17, 2022, Edwards was cited for assured clear distance causing a rear-end collision in violation of New Philadelphia Codified Ordinance 333.03(a).  A bench trial before a magistrate was held on September 19, 2022.  By decision filed on the same day, the magistrate found Edwards guilty and imposed a fine of $17.00 plus costs and assessed two points to her driver's license record.  Edwards filed objections.  An objection hearing was held on January 11, 2003.  By judgment entry filed January 18, 2023, the trial court approved and adopted the magistrate's decision.

{¶ 3}   Edwards filed an appeal with the following assignment of error:

I

{¶ 4}   "APPELLANT'S CONVICTION FOR ASSURED CLEAR DISTANCE AHEAD WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I

{¶ 5}   In her sole assignment of error, Edwards claims her conviction for assured clear distance was against the sufficiency of the evidence.  We disagree.

{¶ 6}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 7}  Edwards was found guilty of assured clear distance which states: "no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." New Philadelphia Codified Ordinance 333.03(a).

{¶ 8}  During the bench trial, the magistrate heard from the responding officer and Edwards. New Philadelphia Police Officer Mark Sadolsky testified he was dispatched to the scene of a traffic accident. When he arrived, he "could see a van appeared to have rear-ended a black vehicle. Both vehicles were still where the accident took place, still touching." September 19, 2022 T. at 5. Officer Sadolsky stated both parties had different stories of what happened, but "[b]ased on the consistency of the stories and the visual evidence of the vehicles, the way they were positioned, the way they were still touching, it appeared as though the van had rear-ended the black vehicle just being too close when the vehicle was trying to turn into his driveway." *Id*. at 6. A photograph depicted "a black car being hit in the rear by tan or gray van. The vehicle was contacted on the left driver's side bumper rear." State's Exhibit A. The photograph was taken during daylight hours. Edwards was the driver of the van. *Id.* at 6. Officer Sadolsky cited Edwards because of the "way the vehicles were positioned and not moved after the accident it appeared as ACDA, assured clear distance accident. On top of that the statements from both the

defendant and the other party, the defendant's statements kept changing." *Id.* at 6-7. He explained Edwards's statements "kept changing on how the accident took place, what led up to the accident, multiple stories were given to all three officers that were there" whereas the other driver's story was consistent and consistent with the photograph of the accident. *Id.* at 7. Officer Sadolsky agreed it was possible the front driver could have slammed on his brakes or put his car in reverse and hit Edwards. *Id.* at 8. At the scene, Edwards never claimed that the front driver reversed his car into her front end. *Id.* at 9.

{¶ 9} Edwards testified the driver of the front vehicle was Matthew Maple, her ex-mother-in-law's stepson. *Id.* at 10-11. She stated she drove by Maple's house and stopped to take a picture to prove to her ex-brother-in-law that his vehicle was not at Maple's house. *Id.* at 11. She then drove through a cemetery when she saw a car "speed past the cemetery and while I was pulling out of the cemetery that car was then behind me and I was going fast, getting ready to go around the turn and that car come beside me." *Id.* She did not know it was Maple until he was beside her giving her the finger. *Id.* Maple "got in front of me and slammed on his brakes and I had nowhere to stop, nowhere to go * * * my only option was to hit him." *Id.* at 11-12. She then testified when he was beside her "he's trying to shove me off the road and sees it's not working he speeds up, gets in front of me and then slams on his brakes and starts to back up." *Id.* at 12. Edwards asserted Maple hit her. *Id.* at 13. She explained if there were three different stories, it was because three different officers where asking her different questions; but she always said Maple slammed on his brakes in front of her. *Id.* at 14. She testified she hit the back of his vehicle because she had no option as he "slammed into me * * * backed into me": "He slammed on his brakes, backed in, went up over the crown of my bumper. I had

nowhere to go." *Id.* at 15-16. She explained, "I'm not driving thinking somebody's going to go into reverse right in front of me. There's nowhere to go when someone's doing that." *Id.* at 16. She insisted she did not collide with his car, he collided with hers. *Id.* at 16.

{¶ 10} After reviewing the evidence and the testimony presented, the magistrate found Edwards guilty beyond a reasonable doubt of the assured clear distance ordinance. *Id.* at 17.

{¶ 11} Edwards filed objections challenging sufficiency. During the objection hearing, Edwards argued Officer Sadolsky's use of the word "appeared" in describing the accident shows "reasonable doubt on how the accident happened." January 11, 2023 T. at 3. The state argued Officer Sadolsky testified based on the photograph and his training as an officer "who has been taught how to view crash scenes and determine who is at fault." *Id.* at 3-4. Edwards countered she had moved her vehicle before the police arrived per the dispatcher's request to move out of the roadway; Edwards did not testify at the magistrate's hearing to moving her vehicle. *Id.* at 4-5.

{¶ 12} In its judgment entry approving and adopting the magistrate's decision, the trial court stated the following:

> The Court has undertaken an independent review of the case file, exhibits and hearing transcript in accordance with Traffic Rule 14 and Criminal Rule 19 (D)(4)(d). The Court FINDS that the Magistrate has properly determined the factual issues and has appropriately applied the law in denying the Defendant's motion to suppress.

IT IS THEREFORE ORDERED that the Magistrate's Decision entered on September 19, 2022, is approved and adopted in its entirety, as if fully rewritten herein. Fine $17.00 and court costs to be paid by January 31, 2023. Two points assessed.[1]

{¶ 13} The Supreme Court of Ohio has stated:

Ohio case law has consistently held that a person violates the assured clear distance ahead statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible."

*Pond v. Leslein,* 72 Ohio St.3d 50, 52, 647 N.E.2d 477 (1995), quoting *Blair v. Goff-Kirby Co.,* 49 Ohio St.2d 5, 7, 358 N.E.2d 634 (1976). (Additional citations omitted.)

{¶ 14} "Thus, a driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation." *Pond* at 52.

---

[1] We note the trial court incorrectly found the magistrate "appropriately applied the law in denying the Defendant's motion to suppress." This case did not involve a motion to suppress; the objection was on sufficiency. Neither party raised this error. Because the trial court referenced the correctly dated magistrate's decision and approved and adopted it "in its entirety, as if fully rewritten herein," we will treat the error as a scrivener's error.

{¶ 15} It is undisputed that Maple was ahead of Edwards in her path of travel, Maple was stationary or moving in the same direction as Edwards, Maple did not suddenly appear in Edwards's path of travel, and Edwards saw Maple's vehicle in front of her before the collision.  Even accepting Edwards's testimony, it would have taken some time, however brief, for Maple to slam on his brakes, stop in front of Edwards, and put his vehicle in reverse, belying Edwards's claim she had "nowhere to go * * * my only option was to hit him."  We find the state presented sufficient evidence to support an assured clear distance violation.

{¶ 16} After viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of assured clear distance were proven beyond a reasonable doubt.

{¶ 17} Upon review, we find sufficient evidence, if believed, to support the guilty finding for assured clear distance.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur.