DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, John Hochstetler, Jr., has appealed from a judgment of the Wayne County Municipal Court, which found him guilty of failure to maintain an assured clear distance ahead. We reverse.
 I. {¶ 2} On April 15, 2003, after being involved in a traffic accident, Hochstetler was cited for failing to maintain an assured clear distance ahead in violation of R.C. 4511.21. Hochstetler pleaded not guilty, and the matter proceeded to a bench trial.
 {¶ 3} Four witnesses testified at the trial: Trooper Harmon Titler, the highway patrol officer who investigated the accident; Hochstetler and Jimmy Davis, the two drivers involved in the collision; and Denver Law, an eyewitness to the accident. The testimony of the four witnesses discloses the following account of the collision.
 {¶ 4} At approximately 5:00 a.m. on April 15, 2003, Hochstetler was driving a commercial semi-truck in the westbound lane of U.S. 250. Hochstetler eventually arrived behind a garbage truck being driven by Davis. Davis testified that Hochstetler followed him for approximately a mile or two. Shortly after the two vehicles left the town of Wilmot, Davis attempted to make a right turn onto Brenneman Road. Because of the sharp angle of the turn, the narrow width of Brenneman Road, and the large size of the garbage truck, Davis was forced to veer left of center before attempting the turn.
 {¶ 5} The witnesses disagreed about the extent to which Davis strayed from the westbound lane in which he and Hochstetler were traveling. Davis testified that he was only partially left of center, and Hochstetler testified that Davis was completely left of center and traveling in the eastbound lane. Denver Law, who was traveling behind the two vehicles, also testified that Davis was completely left of center.
 {¶ 6} After Davis veered left, Hochstetler accelerated. Davis then initiated a right turn onto Brenneman Road, without signaling. As Davis cut across Hochstetler's path, Hochstetler's truck struck the side of Davis's truck.
 {¶ 7} On May 9, 2003, at the conclusion of the testimony and closing argument, the trial court found Hochstetler guilty of violating R.C. 4511.21. The trial court determined that Davis drove almost completely left of center, and that Davis's attempted right hand turn was illegal. The trial court concluded, however, that because Hochstetler accelerated after Davis drove left of center, Hochstetler was guilty of failure to maintain an assured clear distance ahead. The trial court stated that, had Hochstetler maintained a constant speed, he would not have violated the assured clear distance ahead statute.
 {¶ 8} Hochstetler timely appealed, asserting two assignments of error.
 II. First Assignment of Error
"The trial court erred as a matter of law in applying the assured clear distance statute to appellant."
 {¶ 9} In his first assignment of error, Hochstetler argues that the trial court erred in its application of the law to the facts of this case. We agree.
 {¶ 10} As an initial matter, we note the appropriate standard of review. Because this assignment of error raises issues of law only, our review is de novo. Wayne Mut. Ins. Co. v. Parks, 9th Dist. No. 20945, 2002-Ohio-3990, at P13.
 {¶ 11} R.C. 4511.21(A) provides, in pertinent part, that "no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Four elements must be established in order to prove a violation of the assured clear distance ahead statute: "`the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.'" Pond v.Leslein (1995), 72 Ohio St.3d 50, 52, quoting Blair v.Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7.
 {¶ 12} Within a civil context, the Ohio Supreme Court has considered the application of the assured clear distance ahead rule to an automotive incident similar to the one in which Hochstetler and Davis were involved. See Pangle v. Joyce
(1996), 76 Ohio St.3d 389, 392. In that case, the Court announced that when a lead vehicle departs from a following vehicle's path of travel, then reenters the path suddenly and without the fault of the following motorist, leaving a forward distance too short to allow the following motorist to avoid collision in the exercise of ordinary care, the following motorist has not failed to maintain an assured clear distance ahead. Id. The lead vehicle need not completely leave the marked lane of traffic in which both vehicles are traveling; "the question is whether a vehicle is in the path or line of travel of a driver of a following vehicle, not whether the vehicles are in the same lane." Id. at 392, 393.
 {¶ 13} While the witnesses disagreed about the extent to which Davis strayed from the lane in which he and Hochstetler were traveling, the trial court apparently gave credence to the accounts provided by Hochstetler and Law, determining that Davis drove almost completely left of center. While the trial court did not explicitly determine that Davis left Hochstetler's path of travel, such a determination is implicit within the trial court's determination that Davis almost completely departed the westbound lane of U.S. 250, given the fact that all accounts place Hochstetler within the westbound lane of U.S. 250 at all times. Moreover, the conclusion that Davis had departed from Hochstetler's path of travel is embedded within the trial court's statement that Hochstetler should have simply "continued in the same manner he was going, not accelerating, not breaking, just slowly going past [the garbage truck]." The witnesses agreed about what happened next: after veering left, Davis initiated the right hand turn, cutting in front of Hochstetler's path of travel without signaling.
 {¶ 14} According to the trial court's determinations and the nonconflicting testimony, Hochstetler was confronted by the same maneuver examined by the Ohio Supreme Court in Pangle. Pursuant to Pangle, Hochstetler should only have been found guilty of violating the assured clear distance ahead statute if, after Davis reentered his path of travel, Hochstetler was left with enough forward distance to avoid the collision through the exercise of ordinary care.
 {¶ 15} According to the trial court's analysis, Hochstetler's actions would have been blameless had he not accelerated after the garbage truck departed from his lane of travel. In other words, Hochstetler failed to exercise ordinary care, if at all, by accelerating. However, Hochstetler's acceleration simply bore no relation to the care he exercised once his assured clear distance ahead was curtailed by Davis. Hochstetler accelerated before Davis initiated his unsignaled right hand turn. The record contains no indication that Hochstetler continued to accelerate once Davis reentered his path of travel. Therefore, there is no indication that Hochstetler's acceleration bore any relation to the care he exercised after Davis's reentry and prior to the collision.
 {¶ 16} Hochstetler's first assignment of error is sustained.
 Second Assignment of Error
"The trial court's decision was against the manifest weight of the evidence."
 {¶ 17} Given our determination of Appellant's first assignment of error, his second assignment of error is rendered moot, and we decline to address it. See App.R. 12(A)(1)(c).
 III. {¶ 18} Appellant's first assignment of error is sustained, and his second assignment of error is rendered moot. The judgment of the Wayne County Municipal Court is reversed.
Judgment reversed.
Slaby, P.J., Batchelder, JJ., concur.