DECISION. *Page 2 
{¶ 1} Following a jury trial, plaintiff-appellant Cathy Haney appeals, challenging the jury verdict for defendants-appellees Keith Law and Southwest Ohio Regional Transit Authority (together, "SORTA") and the trial court's denial of motions for a directed verdict, a new trial, and judgment notwithstanding the verdict. Haney and Law were driving north on Interstate 75 when Law, driving a Queen City Metro bus, rear-ended Haney. The thrust of Haney's appeal is that the trial court erred in giving faulty jury instructions and in denying various motions. Finding her arguments lacking, we affirm.
 I. An Alleged Hood Malfunction Causes a Wreck — andAmnesia {¶ 2} Following the accident, Haney was diagnosed with amnesia that had caused her to forget the events leading up to the accident. Law was the only testifying eyewitness. According to Law, he was driving at about 55 m.p.h. on wet pavement, four to six car lengths behind Haney, when her hood flew up. He veered into the right lane, but Haney swerved into that lane ahead of him. He then returned to his original lane of travel, but Haney again swerved in front of him. He attempted to move to the lane to his left, but noticed that there was no room for his bus. So he maintained his position between the middle and left lanes. He then ran into the back of Haney's car, causing Haney extensive bodily injury.
 {¶ 3} Over Haney's objection, the trial court included part of her complaint in the jury instructions. Paragraph four of her complaint alleged that "[a]s [Haney and Law] proceeded along the highway, the hood of the vehicle driven by [Haney], *Page 3 
unexpectedly flew up, blocking her view and causing her to lose her view and control of her direction." SORTA admitted paragraph four in its answer.
 {¶ 4} After her objection to the instruction was denied, Haney moved for a new trial, but the court denied her motion. Haney maintained throughout the trial that the hood had flown up. Thus, Law's testimony that Haney's hood had flown up went unrebutted at trial. The trial court instructed the jury that because Haney had alleged in her complaint that the hood had flown up and she had lost control, she had admitted those facts.
 {¶ 5} On appeal, Haney argues that the averments and assertions in the complaint were made under the Civ.R. 8 notice-pleading rules, and that issues were pleaded in the alternative and did not constitute a judicial admission.
 {¶ 6} Under Civ.R. 8, a party may plead in the alternative: "A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."
 {¶ 7} Judicial admissions are formal statements, made by a party or a party's counsel in a judicial proceeding, that act as a substitute for legal evidence at trial. So if a party unequivocally concedes a fact, that concession constitutes a judicial admission for the purposes of trial.[1] Judicial admissions can occur at any point in the litigation process, including the pleading stage.[2] Pleadings containing admissions against interest are admissible as evidence against the pleader, as long as the admissions involve material and competent facts.[3] *Page 4 
 {¶ 8} The Ohio Supreme Court has upheld the notion of judicial admissions through pleadings: "[A] party who has alleged and has the burden of proving a material fact need not offer any evidence to prove that fact if it is judicially admitted by the pleadings of the adverse party."[4] Intermediate appellate courts have acknowledged this principle. As the Ninth Appellate District has explained, "It is the general rule that a statement of fact by a party in his pleading is an admission that the fact exists as stated, and, as such, is admissible against him in favor of his adversary."[5] Therefore, as long as the statement of fact in the complaint is distinct and unequivocal, it can be accepted as a judicial admission in that case.[6]
 {¶ 9} In Reed v. Toledo Edison Co.,[7] the Sixth Appellate District noted that parties are bound by their admissions: "Parties are bound by their written admissions made in the progress of a cause as a substitute for proof of any material fact, and cannot repudiate them at pleasure."[8] In that case, Reed was employed by Toledo Edison for over 20 years. Toledo Edison fired Reed in September of 1987, and in November of 1987, Reed requested disability benefits. Toledo Edison refused his request. Reed sued. In his complaint, Reed stated the following: "(3) Since November, 1987 and thereafter, Defendant provided to its employees a disability insurance policy covering Plaintiff as a member of a group, said policy being qualified under the Employees Retirement Income Security Act. * * *. This policy was in full force and effect at all times hereinafter mentioned. The policy provided that the Defendant would pay to Plaintiff certain long-term disability benefits upon *Page 5 
the diagnosis of such disability by a qualified physician. (4) On or about November, 1987, Plaintiff became seriously ill and began medical and psychological treatments by his physicians. As a result of his illness, Plaintiff was required to incur medical expenses and refrain from going to work for an extended period of time. Plaintiff filed a claim for disability benefits under the terms of the insurance policy provided by Defendant."[9]
 {¶ 10} In affirming the entry of summary judgment for Toledo Edison, the appellate court held that Reed's complaint had amounted to a judicial admission that he was not entitled to disability benefits because he had admitted in his complaint that the disability insurance policy had been implemented, and his injury had occurred, in November of 1987, two months after he had been terminated in September of 1987.
 {¶ 11} Similarly, the Ninth Appellate District in Dennis v. Ford MotorCo. held that an admission in Ford's answer constituted a judicial admission binding in that case.[10] Dennis, using an assumed name, had filed a workers' compensation claim against Ford. Ford argued that, because no employee by Dennis's name had existed, he did not have the capacity to sue for workers' compensation. But the Dennis court held that because Ford had admitted in its answer to Dennis's complaint that Dennis had been an employee, it could not later disavow his status as an employee.
 {¶ 12} The Eighth Appellate District in Donofrio v. Vaughn declined to allow a fact pleaded in the complaint to be used as a judicial admission because the *Page 6 
evidence in the record contradicted the pleaded fact.[11] In that case, Donofrio was hit by a car while riding his bicycle. In the complaint, he stated that the collision had occurred 145 feet from a certain road. But the evidence at trial suggested that the collision occurred only 25 feet from that road. The court held that "[i]n the face of contradictory evidence as to the distance east of Parkhill Road where the collision occurred, it would have been error to charge the jury on the allegation of 145 feet as set forth in the complaint."[12] Because there was contradictory evidence in the record regarding the pleaded fact, the court refused to accept the fact as a judicial admission.
 {¶ 13} After reviewing the complaint and record here, we are unable to find alternative facts, statements, averments, or evidence rebutting Law's testimony or Haney's statement in her complaint that her hood had flown up, and that she had then lost directional control. Further, Haney's complaint failed to aver any alternate theory for the cause of the wreck. Thus, this case is unlike Donofrio, where the judicial admission was denied because of the abundance of contradictory evidence in the record regarding the pleaded fact. In this case, Haney failed to produce contradictory evidence or to allege alternative facts. It was SORTA's burden to prove as a defense that Haney's negligence had caused the accident. Therefore, it was SORTA's burden to prove that the hood had flown up and that Haney had lost control. Because Haney pleaded that material fact in her complaint, that fact was judicially admitted.
 {¶ 14} The determination whether a pleaded fact constitutes a judicial admission should be made on a case-by-case basis. Generally, pleadings are not to *Page 7 
be read or submitted to the jury, unless they are used in evidence.[13] But in this case, where the fact sought to be repudiated was unrebutted at trial and was not pleaded in the alternative, Haney was bound by her admission. Consequently, the trial court did not err in denying her motion for a new trial or for judgment notwithstanding the verdict.
 II. Assured Clear Distance {¶ 15} On appeal, Haney also argues that the trial court erred in denying her directed-verdict motion based on Law's alleged violation of the assured-clear-distance statute. A trial court's decision granting or denying a directed-verdict motion resolves a question of law and is reviewed de novo.[14]
 {¶ 16} A driver violates R.C. 4511.21, the assured-clear-distance statute, if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible."[15]
Negligence per se is established on proof of all the foregoing elements.[16] In denying Haney's directed-verdict motion, the trial court, citing Pangle v. Joyce[17] and State v. Hochstetler,[18]
ruled that the assured-clear-distance statute did not apply. The Ohio Supreme Court has declared that a following vehicle does not violate the assured-clear-distance statute when the lead vehicle suddenly appears in *Page 8 
the path of the following vehicle, and when the following vehicle is not at fault for the lead vehicle's sudden appearance: "When a lead vehicle departs from a following motorist's line or path of travel, only to reenter the line or path of travel suddenly and without the fault of the following motorist at a forward distance insufficient to allow the following motorist to avoid collision in the exercise of ordinary care, the following motorist is not negligent per se for failing to maintain an assured clear distance. This is true regardless of whether the lead vehicle completely leaves the lane of traffic in which both the lead and following motorists are traveling."[19]
 {¶ 17} Here, the testimony revealed that Law's compliance with the assured-clear-distance statute was rendered impossible by Haney's maneuvering, and that Law was not at fault for Haney's erratic driving. Again, Law testified that he had veered to the right, back to the left, and then further left; and that Haney had shadowed each evasive maneuver — suddenly appearing in front of him. The accident was caused by Haney's unpredictable driving after her hood had flown up, and we are convinced that she suddenly appeared in Law's lane, precluding a finding of negligence per se under the assured-clear-distance statute. Consequently, the trial court did not err in denying her directed-verdict motion. Its judgment is accordingly affirmed.
Judgment affirmed.
HENDON and CUNNINGHAM, JJ., concur.
[1] 29A American Jurisprudence 2d (2008), Evidence, Section 770.
[2] 29A American Jurisprudence 2d (2008), Evidence, Section 771.
[3] 43 Ohio Jurisprudence 3d (2008), Evidence and Witnesses, Section, 289.
[4] Gerrick v. Gorsuch (1961), 172 Ohio St. 417, 178 N.E.2d 140.
[5] Teagle v. Lint (Apr. 1, 1998), 9th Dist. No. 18425.
[6] Id.; see, also, Dombelek v. Ohio Bur. of Workers' Comp.,154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144, at ¶ 22.
[7] (July 10, 1992), 6th Dist. No. L-91-259.
[8] Id., quoting Peckham Iron Co. v. Harper (1884), 41 Ohio St. 100,105-106.
[9] Emphasis added.
[10] (1997), 121 Ohio App.3d 318, 323, 699 N.E.2d 993.
[11] (Sept. 1, 1977), 8th Dist. No. 925-252.
[12] Id.
[13] See Civ.R. 8(G).
[14] See Cleveland Constr. Co. v. Cincinnati, 169 Ohio App.3d 627,2006-Ohio-6452, 864 N.E.2d 116; Cleveland Elec. Illum. Co. v. Pub. Util.Comm., 86 Ohio St.3d 521, 1996-Ohio-298, 668 N.E.2d 889.
[15] Pond v. Leslein (1995), 72 Ohio St.3d 50, 647 N.E.2d 477, quotingBlair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 358 N.E.2d 634; R.C.4511.21.
[16] See Pond, 72 Ohio St.3d at 478.
[17] (1996), 76 Ohio St.3d 389, 667 N.E.2d 1202.
[18] 9th Dist. No. 03-CA-0025, 2004-Ohio-595.
[19] Pangle, 76 Ohio St.3d at 392-393; Matz v. J.L. Curtis CartageCo. (1937), 132 Ohio St. 271, 7 N.E.2d 220; Smiley v. Arrow Spring BedCo. (1941), 138 Ohio St. 81, 33 N.E.2d 3. *Page 1