[Cite as *Meehan v. AMN Healthcare, Inc.*, 2012-Ohio-557.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DANIEL T. MEEHAN | : | APPEAL NO. C-110442 |
| and | : | TRIAL NO. A-1004478 |
| MARY MEEHAN, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| AMN HEALTHCARE, INC., | : | |
| CHRISTINA BERGFIELD, | : | |
| and | : | |
| BETHESDA HOSPITAL, INC., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: February 15, 2012

*Weber & Knapp, Co., L.P.A.*, and *William C. Knapp,* for Plaintiffs-Appellants.

*Reminger Co., L.P.A.* and *Robert W. Hojnoski,* for Defendants-Appellees AMN Healthcare, Inc. and Christina Bergfield.

*Frost Brown Todd, LLC* and *Douglas R. Dennis*, for Defendant-Appellee Bethesda, Inc..

Please note: This case has been removed from the accelerated calendar

**SYLVIA SIEVE HENDON, Judge.**

{¶1}   Plaintiffs-appellants Daniel and Mary Meehan appeal the trial court's order entering summary judgment in favor of defendants-appellees AMN Healthcare, Inc. ("AMN"), Christina Bergfield ("Bergfield"), and Bethesda Hospital, Inc. ("Bethesda"). For the following reasons, we affirm in part, reverse in part, and remand this case for further proceedings.

## Facts

{¶2}   The Meehans sued AMN, Bergfield, and Bethesda for damages resulting from two decubitus ulcers that developed on Daniel Meehan's skin while he was recovering from hip surgery at Bethesda. Bergfield was working at Bethesda as a nurse through an assignment from AMN, a temporary nursing service. Hospital records indicate that at 10:00 p.m. on May 20, 2009—aside from a surgical incision—Meehan's skin integrity was good. By 8:00 a.m. on May 21, 2009, two decubitus ulcers, commonly referred to as "bedsores," were discovered on Meehan's buttocks. Meehan required two surgeries to repair his damaged skin and was thereafter confined to a nursing home for several weeks.

{¶3}   According to discovery provided by Bethesda, Bergfield was Meehan's nurse during the time that his bedsores had developed. Meehan's expert witnesses, a medical doctor and a nurse, opined respectively (1) that bedsores did not normally progress as rapidly as Meehan's had, and that, due to their shape and positioning, the bedsores had most likely been caused because Meehan had been left on a bed pan for an extended period of time, and (2) that the nursing staff had breached the nursing standard of care by failing to take the necessary steps to prevent the development of Meehan's bedsores. Dr. Ari Masturzo, a wound-management physician at Bethesda, had examined Meehan in the hospital and had charted that the bedsores were "likely device induced." Meehan himself

had no recollection of the events that had transpired that night—he was lethargic and non-responsive due to the effects of postoperative medication. And Bergfield was not available to be deposed.

{¶4} AMN and Bergfield moved for summary judgment, arguing that there was no expert testimony connecting Bergfield to the alleged breach in the nursing standard of care. Bethesda moved for summary judgment on the same grounds. AMN and Bethesda both further argued that, since the Meehans could not prove that Bergfield had been negligent, they could not establish that AMN or Bethesda were vicariously liable. The defendants also claimed that Meehan's attorney had made several binding admissions that there was no evidence that Bergfield had been negligent, and that summary judgment could be entered on that ground as well.

{¶5} The trial court granted both motions and entered judgment in favor of AMN, Bergfield, and Bethesda. The Meehans now appeal, raising one assignment of error.

## Standard of Review

{¶6} We review the granting of summary judgment de novo. *Temple v. Wean*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977); *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). Summary judgment is appropriate only when the moving party demonstrates (1) that no genuine issue of material fact exists, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St. 3d 181, 183, 1997-Ohio-221, 677 N.E.2d 343.

## Nurse Bergfield's Alleged Negligence

{¶7}   In a negligence action involving the professional skill and judgment of a nurse, expert testimony must be presented to establish the prevailing standard of care, a breach of that standard, and that the nurse's negligence, if any, was the proximate cause of the patient's injury.  *Ramage v. Cent. Ohio Emergency Serv., Inc.*, 64 Ohio St.3d 97, 592 N.E.2d 828 (1992), paragraph one of the syllabus; *see also Berdyck v. Shinde*, 66 Ohio St.3d 573, 1993-Ohio-183, 613 N.E.2d 1014.

{¶8}   The Meehans argue that because Bergfield was Meehan's nurse when his bedsores developed, and because expert testimony established that a breach in the nursing standard of care led to Meehan's injury, the trial court should not have entered judgment in favor of the defendants.  We disagree.  Based on *Ramage,* the Meehans were required to produce expert testimony specifically linking Bergfield to Meehan's injuries in order to properly support their cause of action.  They did not.  We, therefore, hold that the trial court correctly entered summary judgment in favor of Bergfield.

{¶9}   AMN, Bergfield, and Bethesda also claim that summary judgment was appropriate because the Meehans' attorney made numerous binding admissions to the effect that there was no evidence that Bergfiled had been negligent.  These "admissions," however, were made before the close of discovery and before Bethesda had informed the Meehans that Bergfield had been the only nurse to care for or to have contact with Meehan the night that his bedsores developed.  Consequently, we find this argument to be without merit. *See generally Haney v. Law*, 1st Dist. No. C-070313, 2008-Ohio-1843.

## Bethesda and AMN

{¶10}  The Meehans next contend that the trial court's entry of summary judgment in favor of AMN and Bethesda must be reversed.  AMN and Bethesda argue that, because

the Meehans are unable to prove that Bergfield was negligent, AMN and Bethesda cannot be held liable.

{¶11} Medical claims alleging the negligence of a hospital employee, such as a nurse, are governed by the doctrine of respondeat superior. *Cope v. Miami Valley Hosp.*, 2nd Dist. No. 24458, 2011-Ohio-4869, ¶ 18. Under that doctrine, a plaintiff may elect to sue only the employer or both the employer and the employee. *Id.*; *see also Losito v. Kruse*, 136 Ohio St. 183, 24 N.E.2d 705 (1940). Therefore, even without Bergfield as a defendant, the Meehans may nevertheless maintain a lawsuit against Bethesda for the alleged negligence of Bethesda's nursing staff. *See Stanley v. Community Hosp.*, 2nd Dist. No. CA 2101 53, 2011-Ohio-1290. And there is sufficient evidence in the record to show that there remain genuine issues of fact concerning whether Bethesda's nursing staff was negligent. Consequently, the trial court erred in entering summary judgment in favor of Bethesda.

{¶12} AMN's only connection to this case, however, was that Bergfield was allegedly on assignment from AMN while working at Bethesda. Since summary judgment was properly entered in favor of Bergfield, and since there is no evidence that AMN could otherwise be held liable for the alleged negligence of Bethesda's nursing staff, we hold that summary judgment was properly entered in favor of AMN.

## Conclusion

{¶13} For the foregoing reasons, the Meehans' assignment of error is sustained in part and overruled in part. The trial court's judgment entering summary judgment in favor Bergfield and AMN is affirmed. We reverse the court's entry of summary judgment in favor of Bethesda and remand this case for further proceedings.

**SUNDERMANN, J.,** concurs.,
**HILDEBRANDT, P.J.,** dissents.

**HILDEBRANDT, P.J.,** dissenting.

{¶14} Because I would conclude that expert testimony was not necessary to establish a link between Bergfield and the negligence alleged, and because I disagree with the majority's analysis concerning Bethesda's potential liability, I respectfully dissent.

{¶15} Expert testimony is required only where the testimony relates to matters "beyond the ken" of the average layperson. *State v. Koss*, 49 Ohio St.3d 213, 216, 551 N.E.2d 970 (1990). Expert testimony is not required to establish "matters of common knowledge and experience" or "subjects that are within the ordinary, common and general knowledge and experience of mankind. " *Ramage*, 64 Ohio St.3d at 103, 1992-Ohio-109, 592 N.E.2d 828, citing *Johnson v. Grant Hosp.,* 32 Ohio St.2d 169, 291 N.E.2d 440 (1972); *see also Bostick v. Connor*, 37 Ohio St.3d 144, 524 N.E.2d 881 (1988), paragraph three of the syllabus.

{¶16} Given the state of this record, it is well within the "general knowledge and experience of mankind" to infer that Bergfield was the nurse responsible for Meehan's injuries. According to discovery provided by Bethesda, the only nurse who took care of or had any contact with Meehan during the time in question was Bergfield. This fact is undisputed. And the Meehans met their burden under *Ramage* to present expert testimony establishing that a breach in the prevailing standard of nursing care had proximately caused Meehan's bedsores. I would, therefore, find that genuine issues of fact exist in regard to Bergfield's liabiliy, and that summary judgment should not have been entered in favor of Bergfield, AMN, or Bethesda.

{¶17} And although the majority correctly cites the proposition of law that, under the doctrine of respondeat superior, the Meehans could have chosen to sue only Bethesda, that doctrine "holds an employer liable for its employee's torts committed in the scope of employment." *Groob v. KeyBank*, 155 Ohio App.3d 510, 2003-Ohio-6915, 801 N.E.2d 919

(1st Dist.), ¶ 31; *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. Here, there can be no employer liability because the only employee potentially responsible for the tort alleged—i.e., negligence by the nurse who took care of Bergfield at the time that his bedsores developed—is no longer a party in this case.

{**¶18**}  I would sustain in full the Meehans' assignment of error.